James Lee Turner, Assistant U.S. Attorney, Mary Jane Harmon, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Fernando Garcia–Garcia ("Garcia–Garcia") appeals the sentence he received for his guilty-plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326. The district court enhanced Garcia–Garcia's sentence by eight levels because it determined that his second state law conviction for possession of a controlled substance qualified as an "aggravated felony" under the sentencing guidelines. Garcia–Garcia contends that in light of the Supreme Court's decision in *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), his second state law conviction does not qualify as an aggravated felony.

Today, in *United States v. Cepeda–Rios,* 530 F.3d 333 (5th Cir.2008), we rejected precisely the same argument made by Defendant–Appellant in this appeal. For the reasons set forth in *Cepeda–Rios,* the sentence received by Garcia–Garcia is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Pedro Munoz GOMEZ, Defendant–
Appellant.**

No. 07–10984
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 4, 2008.

Alan M. Buie, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Public Defender's Office, Northern District of Texas, Fort Worth, TX, for Defendant–Appellant.

Before KING, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Pedro Munoz Gomez raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano*, 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.